1  Arthur K. Cunningham, SBN 97506
    E-Mail: Arthur.Cunningham@LewisBrisbois.Com
2  James C. Packer, SBN 77675
    Email: James.Packer@LewisBrisbois.Com
3  Eric T. Angel, SBN 293157
    Email: Erik.Angel@LewisBrisbois.Com
4  Stephanie J. Tanada, SBN 257769
    Email: Stephanie.Tanada@LewisBrisbois.com
5  **LEWIS BRISBOIS BISGAARD & SMITH LLP**
   650 East Hospitality Lane, Suite 600
6  San Bernardino, California 92408
   Telephone: (909) 387-1130
7  Facsimile: (909) 387-1138

8  Christopher D. Lockwood, SBN 110853
    E-Mail: Christopher.Lockwood@AriasLockwood.com
9  **ARIAS & LOCKWOOD**
   1881 S. Business Center Drive, Suite 9A
10 San Bernardino, CA 92408
   Telephone: (909) 890-0125
11 Facsimile: (909) 890-0185

12 Attorneys for Defendants County of Riverside, Stanley Sniff, William Di Yorio,
   Julio Ibarra, Jerry Gutierrez, Virginia Busby, Norman Nantes, Jason Chivas and Jeff
13 Pinon

14
                    UNITED STATES DISTRICT COURT
15
                   CENTRAL DISTRICT OF CALIFORNIA
16

17
   EDDY SORIANO, by and through his         ) CASE NO. CV 16-155 BRO (SP)
18 conservator, Sherly Tolentino; MARTES    )
   de GUZMAN,                               ) ANSWER TO SECOND AMENDED
19                                          ) COMPLAINT **BY DEFENDANTS**
              Plaintiffs,                   ) **NANTES, CHIVAS AND PINON**
20                                          )
         v.                                 ) DEMAND FOR TRIAL BY JURY
21                                          )
   COUNTY OF RIVERSIDE; CITY OF             )
22 MURRIETA; STANLEY SNIFF, Sheriff)
   of Riverside County; WILLIAM DI          )
23 YORIO, Undersheriff of Riverside         )
   County; JULIO IBARRA, Safety             )
24 Coordinator for Riverside County;        )
   JERRY GUTIERREZ, Corrections             )
25 Assistant Sheriff; VIRGINIA BUSBY,       )
   Captain of Robert Presley Detention      )
26 Center; Correctional Deputy NORMAN       )
   NANTES; Correctional Deputy JASON        )
27 CHIVAS; Correctional Deputy JEFF         )
   PINON; Murrieta Police Department        )
28 OFFICER JEREMY MEADOWS;                  )

                                    1

| | |
|---|---|
| 1 | OFFICER H. ADAMS; OFFICER ELLIOT; OFFICER TOMPKINS; OFFICER MATTHEW MOZINGO; OFFICER IRVING; TYLER SCOTT JACKSON; and DOES 1-125, |
| 2 | |
| 3 | |
| 4 | Defendants. |

Defendants **Norman Nantes, Jason Chivas and Jeff Pino**n answer the second amended complaint as follows:

## ANSWER TO SPECIFIC ALLEGATIONS

Unnumbered preliminary statement. The factual allegations are denied.

1. Jurisdiction is admitted.

2. Venue is admitted. It is denied that "unlawful acts and practices" occurred.

3. Government Claims Act filing is admitted. It is denied that the claim names defendants Norman Nantes, Jason Chivas and Jeff Pinon.

4. The allegations are denied for lack of information and belief.

5. The allegations about residency are denied for lack of information and belief.

6. The allegations are denied for lack of information and belief.

7. It is admitted that the County of Riverside is a public entity and that it owns and operates the Robert Presley Detention Center. It is admitted that the County has policies and procedures concerning the Robert Presley Detention Center. Allegations about unidentified people are denied for lack of information and belief.

8. The allegations are admitted.

9. It is admitted that Sheriff Sniff is the Sheriff for the County of Riverside and has been elected to that position since 2010. It is admitted that the Sheriff is the ultimate policymaker for the Sheriff's Department and for County jails. The remaining allegations are denied.

10. It is admitted that William DiYorio is the undersheriff for the County of

Riverside. The remaining allegations are denied.

11. It is admitted that Julio Ibarra was a senior safety coordinator for the County of Riverside. The remaining allegations are denied.

12. It is admitted that Jerry Gutierrez is an Assistant Sheriff for the County of Riverside. The remaining allegations are denied.

13. It is admitted that Virginia Busby is a captain for the County of Riverside Sheriff's Department. The remaining allegations are denied.

14. It is admitted that Tyler Scott Jackson was an inmate at the Robert Presley Detention Center. Allegations about residency when not in custody are denied for lack of information and belief.

15. Allegations about unidentified people are denied for lack of information and belief.

16. Allegations about unidentified people are denied for lack of information and belief.

17. The allegations are denied for lack of information and belief.

18. The allegations are denied for lack of information and belief.

19. The allegations are denied for lack of information and belief.

20. The allegations are denied for lack of information and belief.

21. The allegations are denied for lack of information and belief.

22. The allegations are denied for lack of information and belief.

23. It is admitted that Deputy Nantes was employed by the County of Riverside as a deputy sheriff on February 18, 2015 at the Robert Presley Detention Center and that he was assigned to pod 5B during portions of February 18, 2015. It as admitted that during portions of February 18, 2015 inmate Jackson was housed in housing unit 5B. Allegations about "Plaintiff Sorian" are denied because there is no such plaintiff. The remaining allegations are denied.

24. It is admitted that Deputy Pinon was employed by the County of Riverside as a deputy sheriff on February 18, 2015 at the Robert Presley Detention Center and

1  that he was assigned to housing unit 5B during portions of February 18, 2015. It as
2  admitted that during portions of February 18, 2015 inmate Jackson and plaintiff
3  Soriano were housed in housing unit 5B. The remaining allegations are denied.
4      25. It is admitted that Deputy Chivas was employed by the County of Riverside
5  as a deputy sheriff on February 18, 2015 at the Robert Presley Detention Center and
6  that he was assigned to pod 5B during portions of February 18, 2015. It as admitted
7  that during portions of February 18, 2015 inmate Jackson was housed in housing unit
8  5B. It as admitted that during portions of February 18, 2015 inmate Jackson and
9  plaintiff Soriano were housed in housing unit 5B. The remaining allegations are
10 denied.
11     26. Allegations about unidentified people are denied for lack of information and
12 belief.
13     27. Allegations about unidentified people are denied for lack of information and
14 belief.
15     28. Allegations about unidentified people are denied for lack of information and
16 belief.
17     29. Allegations about unidentified people are denied for lack of information and
18 belief.
19     30. The allegations are denied for lack of information and belief.
20     31. The allegations are denied for lack of information and belief.
21     32. It is admitted that Soriano was booked into the Southwest Detention Center.
22 The remaining allegations are denied for lack of information and belief.
23     33. It is admitted that Soriano was booked into the Southwest Detention Center
24 and then was transferred to the Robert Presley Detention Center, where he was placed
25 in a mental heath housing unit. It is admitted that all cells in the Robert Presley
26 Detention Center have a button which can be used to contact the pod deputies. It is
27 admitted that on February 18, 2015 the light illuminated in the pod office of housing
28 unit 5B but the audio beep was not working on that date. The remaining allegations

1 | are denied.

2 |     34. It is admitted that at the Robert Presley Detention Center, deputies are assigned to each pod and that the pod has video systems. The allegations about what was "supposed to" and was "required" and "should" or "must" happen are allegations of law rather than of fact. The remaining allegations are denied.

    35. It is admitted that Tyler Scott Jackson was an inmate at the Robert Presley Detention Center prior to and on February 18, 2015, and that on February 18, 2015 he was 23 years old. It is admitted that on February 18, 2015 plaintiff Soriano was 64 years old. The remaining allegations are denied.

    36. The allegations are denied.

    37. It is admitted that on February 18, 2015 Jackson beat Soriano. The remaining allegations are denied.

    38. It is admitted that as a result of the beating by Jackson, Soriano suffered injuries. The remaining allegations are denied.

    39. The allegations are denied.

*First claim for relief*

    40. This paragraph incorporates the allegations of other paragraphs. The responses thereto are incorporated in response.

    41. The allegations are denied.

    42. The allegations are denied.

    43. The allegations are denied.

    44. The allegations are admitted.

    45. The allegations are denied.

    46. The allegations are denied.

    47. The allegations are denied.

    48. The allegations are denied.

    49. The allegations are denied.

///

*Second claim*

50. This paragraph incorporates the allegations of other paragraphs. The responses thereto are incorporated in response.

51. It is admitted that during portions of February 18, 2015, deputies Nantes, Pinon and Chivas were assigned to housing unit 5B at the Robert Presley Detention Center. It is admitted that during portions of February 18, 2015 plaintiff Soriano and inmate Jackson were assigned to cell 5B51. The remaining allegations are denied.

52. It is admitted that on February 18, 2015 there were video cameras pointed at each cell in housing unit 5B which were displayed on a monitor in the pod office. It is admitted that on February 18, 2015 all cells in the Robert Presley Detention Center have a button which can be used to contact the pod deputies. It is admitted that on February 18, 2015 the light illuminated in the pod office of housing unit 5B but the audio beep was not working on that date. The remaining allegations are denied.

53. It is admitted that during portions of February 18, 2015 deputies Pinon, Chivas and Nantes were assigned to housing unit 5B. The remaining allegations are denied.

54. It is admitted that on February 18, 2015 Jackson beat Soriano. The remaining allegations are denied.

55. The allegations are denied.

56. The allegations are denied.

57. The allegations are denied.

58. It is admitted that on February 18, 2015 Jackson beat Soriano. The remaining allegations are denied.

59. It is admitted that on February 18, 2015 Jackson beat Soriano. The remaining allegations are denied.

60. This paragraph mostly makes legal contentions. The factual contentions are denied.

61. The allegations are denied.

1   62. The allegations are denied.

2   63. The allegations are denied.

3   64. The allegations are denied.

4   65. The allegations are denied.

5   66. The allegations are denied.

6   67. The allegations are denied.

*Third claim*

68. This paragraph incorporates the allegations of other paragraphs. The responses thereto are incorporated in response.

69. This paragraph mostly makes legal contentions. Allegations about unidentified people are denied for lack of information and belief. The factual contentions are denied.

70. Allegations about unidentified people are denied for lack of information and belief. This paragraph mostly makes legal contentions. The factual allegations are denied.

71. This paragraph mostly makes legal contentions. Allegations about unidentified people are denied for lack of information and belief. The factual contentions are denied.

72. Allegations about unidentified people are denied for lack of information and belief. The remaining allegations are denied.

73. This paragraph mostly makes legal contentions. It is admitted that while they were working for the County of Riverside on February 18, 2015, deputies Nantes, Pinon and Chivas were within the course and scope of their employment. The remaining allegations are denied.

74. The allegations are denied.

75. The allegations are denied.

76. The allegations are denied for lack of information and belief.

77. The allegations are denied.

*Fourth claim*

78. This paragraph incorporates the allegations of other paragraphs. The responses thereto are incorporated in response.

79. The allegations are denied for lack of information and belief.

80. The allegations are denied for lack of information and belief.

81. The allegations are denied for lack of information and belief.

82. The allegations are denied for lack of information and belief.

83. The allegations are denied for lack of information and belief.

84. The allegations are denied for lack of information and belief.

*Fifth claim*

85. This paragraph incorporates the allegations of other paragraphs. The responses thereto are incorporated in response.

86. The allegations are denied for lack of information and belief.

87. The allegations are denied for lack of information and belief.

88. The allegations are denied for lack of information and belief.

89. The allegations are denied for lack of information and belief.

90. The allegations are denied for lack of information and belief.

91. The allegations are denied for lack of information and belief.

92. The allegations concerning City employees are denied for lack of information and belief. The allegations about the County and its employees are denied.

93. The allegations are denied for lack of information and belief.

94. The allegations are denied for lack of information and belief.

95. The allegations are denied for lack of information and belief.

96. The allegations are denied for lack of information and belief.

97. The allegations are denied for lack of information and belief.

*Sixth claim*

98. This paragraph incorporates the allegations of other paragraphs. The responses thereto are incorporated in response.

99. It is admitted that Jackson beat Soriano and caused injuries. The allegations about future medical care are denied.

100. The allegations are denied for lack of information and belief.

101. It is admitted that plaintiff Soriano was injured, but the allegations about the extent of damages are denied. If "plaintiff" is intended to refer to Marites de Guzman the allegations are denied.

102. The allegations about being offended are admitted, but the allegations about the extent of damages are denied.

## AFFIRMATIVE DEFENSES

Some of the following appear to be part of plaintiffs' burden of proof, but are included for completeness.

1. The second amended complaint, and each alleged claim for relief or cause of action therein, fails to state a claim against defendants upon which relief can be granted.

2. Defendants are entitled to qualified immunity.

3. Any and all events and happenings, injuries and damages referred to in the second amended complaint, were proximately caused and contributed to by the negligence and misconduct of Jackson.

4. Defendants place at issue the provisions of California Civil Code § 1431, limiting defendants' liability under state law, if any, for non-economic damages by a direct proportion to the percentage of fault as allocated by the trier of fact.

5. Except as otherwise provided by statute, a public employee, and its employing public entity, are not liable under state law for an injury resulting from his or her act or omission, where the act or omission was the result of the exercise of the discretion vested in him or her, whether or not such discretion be abused. Government Code § 820.2.

6. Government Code § 844.6 provides an immunity for injuries either *to*

1 | prisoners or *caused by* prisoners.

2 | DATED: February 2, 2017           ARIAS & LOCKWOOD

By _____/s/_____
Christopher D. Lockwood
Attorneys for defendants County of Riverside, Stanley Sniff, William Di Yorio, Julio Ibarra, Jerry Gutierrez, and Virginia Busby

## DEMAND FOR TRIAL BY JURY

Defendants demand trial by jury.

DATED: February 2, 2017           ARIAS & LOCKWOOD

By _____/s/_____
Christopher D. Lockwood
Attorneys for defendants County of Riverside, Stanley Sniff, William Di Yorio, Julio Ibarra, Jerry Gutierrez, and Virginia Busby