☐ORIGINAL

NO FEE DUE
GOV'T CODE § 6103

1  LEWIS BRISBOIS BISGAARD & SMITH LLP
   ARTHUR K. CUNNINGHAM, SB# 97506
2    E-Mail: Arthur.Cunningham@lewisbrisbois.com
   JAMES C. PACKER, SB#77675
3    E-Mail: James.Packer@lewisbrisbois.com
   STEPHANIE J. TANADA, SB# 257769293157
4    E-Mail: Eric.Angel@lewisbrisbois.com
   650 East Hospitality Lane, Suite 600
5  San Bernardino, California 92408
   Telephone: 909.387.1130
6  Facsimile: 909.387.1138

7  ARIAS & LOCKWOOD
   CHRISTOPHER D. LOCKWOOD, SB#110853
8    E-Mail:  Christopher.Lockwood@ariaslockwood.com
   1881 South Business Center Drive, Suite 9A
9  San Bernardino, California  92408
   Telephone:  909-890-0125
10 Facsimile:  909-890-0185

11 Attorneys for Defendants
   COUNTY OF RIVERSIDE, STANLEY
12 SNIFF, WILLIAMA DI YORIO, JULIO
   IBARRA, JERRY GUTIERREZ,
13 VIRGINIA BUSBY, NORMAN
   NANTES, JASON CHIVAS and JEFF
14 PINON

15           UNITED STATES DISTRICT COURT

16     CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

17

18 EDDY SORIANO, etc., et al.,          CASE NO. 16-CV-00155-BRO (SPx)

19           Plaintiffs,               **NOTICE OF JOINT MOTION AND
                                        JOINT MOTION FOR GOOD
20      vs.                            FAITH SETTLEMENT AND
                                        REQUEST FOR ORDER THAT
21 COUNTY OF RIVERSIDE,                ANY CLAIMS BY TYLER
   et al.,                             JACKSON FOR EQUITABLE
22                                      INDEMNITY OR CONTRIBUTION
           Defendants.                 ARE BARRED AS A MATTER OF
23                                      LAW**

24                                     **Date:  April 24, 2017
                                        Time:  1:30 p.m.
25                                      Courtroom:  7C**

26

27 ///

28 ///

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4816-5051-6037.1

NOTION OF MOTION AND MOTION FOR GOOD FAITH SETTLEMENT

TO ALL PARTIES AND THIS HONORABLE COURT:

PLEASE TAKE NOTICE that on April 24, 2017, at 1:30 p.m., in Courtroom 7C, defendants COUNTY OF RIVERSIDE, STANLEY SNIFF, WILLIAMA DI YORIO, JULIO IBARRA, JERRY GUTIERREZ, VIRGINIA BUSBY, NORMAN NANTES, JASON CHIVAS, JEFF PINON, CITY OF MURRIETA, OFFICER JEREMY MEADOWS, OFFICER H. ADAMS, OFFICER ELLIOTT, OFFICER TOMPKINS, OFFICER MATTHEW MOZINGO and OFFICER IRVING will jointly move this Court for an Order finding its settlement with Plaintiffs to be in good faith under California Code of Civil Procedure sections 877, 877.6 and CRC 3.1382 and that any claims by TYLER JACKSON for equitable indemnity or contribution are ordered barred as a matter of law.

Said Motion is made upon the grounds that the settlement between the County of Riverside and its employees, the City of Murrieta and its employees and Plaintiffs is made in good faith and that said settlement satisfies the dictates of California Code of Civil Procedure sections 877, 877.6 and *Tech-Bilt, Inc. v. Woodward-Clyde & Associates* (1985) 38 Cal.3d 488, 213 Cal.Rptr. 256.

Said Motion is based upon this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the Court's file and such other evidence, be it oral or documentary as is presented at the hearing on said Motion.

//

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4816-5051-6037.1                                          2
NOTION OF MOTION AND MOTION FOR GOOD FAITH SETTLEMENT

1 | DATED: March 21, 2017

ARTHUR K. CUNNINGHAM
LEWIS BRISBOIS BISGAARD & SMITH LLP

By: _____/s/_____

Arthur K. Cunningham
Attorneys for Defendants COUNTY OF
RIVERSIDE, STANLEY SNIFF,
WILLIAMA DI YORIO, JULIO IBARRA,
JERRY GUTIERREZ, VIRGINIA
BUSBY, NORMAN NANTES, JASON
CHIVAS and JEFF PINON

DATED: March 21, 2017

COLLINS COLLINS MUIR + STEWART LLP

By: _____/s/_____

Audra C. Call
Attorneys for Defendants CITY OF
MURIETTA, OFFICER JEREMY
MEADOWS, OFFICER H. ADAMS,
OFFICER ELLIOT, OFFICER
TOMPKINS, OFFICER MATHEW
MOZINGO, OFFICER IRVING

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.     INTRODUCTION**

Eddy Soriano was arrested on February 9, 2015, by Murrieta Police Department. Officer Meadows was initially dispatched to an address on St. Honory Drive at 2133 hours concerning a man who alleged his friend had been stabbed. While en route, dispatch advised that the suspect was running down Lido Drive slashing tires on parked vehicles with a knife.  On arrival at Lido Drive, Meadows saw that the suspect was in the driver's seat of a work van.   He lit paper on fire and placed it in the passenger seat.  The entire passenger side of the vehicle appeared to catch fire.  He exited the vehicle, was ordered to the ground, and the fire was put out.  He was arrested for vandalism and arson.

The reporting party was Jenny Finger. Soriano had walked up to her house earlier in the evening and seemed to be confused.  Soriano's friend came and got him.  A short time later, Soriano returned to Finger's home and tried to walk into the garage.  He said someone had stabbed his friend. He then took off running down the street.  She called 911. Finger saw Soriano from a distance get into a white work van.

After Soriano set the fire and was not yet getting out of the vehicle, Officer Meadows grabbed a fire extinguisher from the nearest police vehicle and approached with Officer Thompkins.  They then attempted to extinguish the fire. Soriano exited the driver side of the vehicle, ran around the front of the car, and came straight to the two officers.  He was ordered to the ground and complied.  No knives were seen in his hands.  Soriano said that he set the knife down when he set fire to the vehicle.  Razor blades were found on the passenger seat of the van after the fire was out.

Soriano's friend, Vincente Agagas, who lived on St. Honory, said that Soriano had been his friend for 15 years.  He arrived at the house unexpectedly and said he had just walked from the Pechanga Casino.  He was acting differently than

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1 normal, and seeing things that were not there. Later, Soriano was trying to leave,

2 and Agagas tried to talk to him, but then he saw what appeared to be a small knife,

3 and let him go. Soriano "might have some kind of mental issue" but he was not

4 sure. Soriano's behavior was "not normal for him."

5      Soriano spoke broken English and said his native language was Tagalog. He

6 was read his <u>Miranda</u> rights. He said he was at his friend's house, and they started

7 yelling at him for breaking a television. He did not know why people were mad at

8 him, so he left. He then saw a white man chasing him down the street. He ran down

9 the street and started to use a knife to slash tires on several vehicles so the white

10 man could not get in the vehicle and chase him. He then got in the vehicle to hide

11 and saw people outside waiting for him. He then lit the fire to slow down the person

12 who was chasing him.

13      Soriano was arrested by Murrieta police department and was eventually

14 placed in custody at Robert Presley Detention Center in Riverside. While housed in

15 the mental health housing unit, he was beaten and stomped into a coma by his

16 cellmate, Tyler Jackson, on February 18, 2015, fourteen (14) hours after he was

17 housed with Jackson. He remains on life support in a persistent vegetative state.

18 Soriano (through a conservator) and his wife filed this lawsuit.

19      Mr. Jackson (defaulted defendant) pled guilty to several charges, including

20 attempted murder, assault with infliction of great bodily injury without a firearm,

21 aggravated mayhem and torture. Jackson was given a determinate sentence of five

22 years plus an indeterminate sentence of life with the possibility of parole. He is also

23 required to pay a restitutionary fine of $10,000 and a parole revocation fine of

24 $10,000. These sentences were imposed on September 6, 2016. Mr. Jackson is

25 presently located at Corcoran State Prison.

26      All defendants, *except* for the incarcerated Mr. Jackson who was served with

27 the Complaint but has not appeared, have agreed to settlement with Plaintiffs

28 through mediation. Therefore, as there is still an outstanding defendant, an order

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1 | finding the settlement to be in good faith is necessary.

2 | **II.    THE SETTLEMENT BETWEEN COUNTY, CITY AND PLAINTIFFS**
3 | **IS IN GOOD FAITH**

4 | The County of Riverside and its named defendant employees ("COUNTY")
5 | and the City of Murrieta and its named defendant employees ("CITY") have reached
6 | settlements with Plaintiffs in this matter. Plaintiffs have agreed to dismiss all claims
7 | against the COUNTY with prejudice, in exchange for payment of six (6) million
8 | dollars ($6,000,000), and CITY with prejudice, in exchange for payment of one
9 | hundred thousand dollars. ($100,000).  However, this settlement is contingent upon
10 | the Court finding the settlement to be in good faith under CCP §§877 and 877.6 as
11 | plaintiff's claims against defendant Tyler Jackson are still pending.

12 | The determination of whether or not a settlement made in good faith is
13 | initially determined by reference to CCP §§877 and 877.6.  "Courts within the Ninth
14 | Circuit have borrowed from the California Code of Civil Procedure § 877.6 when
15 | analyzing whether a settlement has been reached in good faith and, in turn, whether
16 | a contribution bar should attach for federal causes of actions. *See e.g., Federal*
17 | *Savings & Loan, Ins. Co. v. Butler*, 904 F.2d 505, 511 (9th Cir. 1990); see also KB
18 | Gardena Bldg., LLC v. Whittaker Corp., 2012 U.S. Dist. LEXIS 11065, 2012 WL
19 | 273888, at *2 (C.D. Cal. Jan. 30, 2012)." *Heim v. Estate of Heim*, 2014 U.S. Dist.
20 | LEXIS 46297, *12, 2014 WL 1340063 (N.D. Cal. Apr. 2, 2014)

21 | Section 877 states:

22 | "Where a release, dismissal with…prejudice,…is given in good faith
23 | before verdict or judgment to one or more of a number of tortfeasors
24 | claimed to be liable for the same tort…it shall have the following
25 | effect:
26 | It shall not discharge any other such party from liability unless its terms
27 | so provide, but it shall reduce the claims against the others in the
28 | amount stipulated by the release, the dismissal…, or in the amount of

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4816-5051-6037.1

1    the consideration paid for it whichever is the greater.

2    It shall discharge the part to whom it is given from all liability for any

3    contribution to any other parties."

4    In addition, section 877.6 provides, as is relevant herein, as follows:

5    "(a)(1) Any party to an action in which it is alleged that two or more

6    parties are joint tortfeasors…shall be entitled to a hearing on the issue

7    of the good faith of a settlement entered into by the plaintiff or other

8    claimant and one or more alleged tortfeasors….

9    (b) The issue of the good faith of a settlement may be determined by the court

10   on the basis of affidavits served with the notice of hearing and any counter

11   affidavits filed in response, or the court may, in its discretion, receive other

12   evidence at the hearing.

13   (c) A determination by the court that the settlement was made in good faith

14   shall bar any other joint tortfeasor… from any further claims against the

15   settling tortfeasor…for equitable comparative contribution, or partial or

16   comparative indemnity, based on comparative negligence or comparative

17   fault.

18   (d) The party asserting the lack of good faith shall have the burden of proof

19   on that issue.

20   In addition to the statutory provisions, the touchstone in any good faith

21   settlement analysis remains the test set forth by the California Supreme Court in

22   *Tech-Bilt, Inc. v. Woodward-Clyde & Assoc.* (1985) 38 Cal.3d 488, 213 Cal.Rptr.

23   256.  In *Tech-Bilt*, the Supreme Court set forth certain factors which should be

24   considered in determining whether a settlement has been made in good faith.

25   However, the overriding determination which must be made by the Court in order to

26   balance the public policy of encouraging settlements with the somewhat

27   countervailing public policy of ensuring that settlement are fair is that the Court

28   must determine whether or not the settlement "is so far out of the ballpark in relation

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1 to the *Tech-Bilt* factors such that the settlement simply is not made in good faith.
2 *Tech-Bilt*, supra, at p. 499-500.  Said another way, "What is required is simply that
3 the settlement not be ***grossly disproportionate*** to the settlor's fair share".  *Abbot*
4 *Ford, Inc. v. Superior Court* (1987) 43 Cal.3d 858, 874-875, 239 Cal.Rptr. 626.
5     With regard to the *Tech-Bilt* factors, it is clear the instant settlement is in good
6 faith.  Here, the settlements reached with plaintiffs by the COUNTY and CITY were
7 reached during private mediation that was conducted by a professional mediator and
8 District Court judge, the Honorable Victor E. Bianchini. All parties part of the
9 settlement were represented by counsel during the mediation and all counsel have
10 been litigating this matter since the commencement of this lawsuit fully
11 understanding all the facts, claims and defenses by all parties.
12     Plaintiff, Eddy Soriano, is severely injured and will be in a vegetative state
13 the remainder of his life. Co-defendant, Mr. Jackson is undisputedly the party whose
14 liability to Plaintiffs in this matter is not in question as he chose to viciously assault
15 Plaintiff Eddy Soriano. However, COUNTY, without admitting liability,
16 understands the potential costs and exposure of this matter if taken through trial and
17 believe that six (6) million dollars ($6,000,000) is more than an adequate settlement
18 with Plaintiffs made in good faith and in no way can be seen as "grossly
19 disproportionate" to the COUNTY'S "fair share."
20     Additionally, the CITY, without admitting liability, has agreed to pay
21 Plaintiffs one hundred thousand dollars ($100,000) to settle all claims. The CITY is
22 involved only as to their actions in arresting Plaintiff Eddy Soriano and initially
23 placing him in police custody pursuant to the probable cause created by Plaintiff's
24 actions.  Plaintiff was not in CITY's custody at the time of the assault by Mr.
25 Jackson. The CITY'S involvement is peripheral and at the time of the settlement the
26 City had a Motion for Summary Judgment pending which, if granted, would have
27 disposed of all claims against them. Therefore, one hundred thousand dollars
28 ($100,000) can in no way seem "grossly disproportionate" to the CITY'S "fair

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  share."

2      Finally, the Court must consider whether or not the instant settlement is the

3  product of collusion, fraud or is designed to injure the interests of the non-settling

4  parties.  Here it is obvious that there has been no collusion or other misconduct.  The

5  settling parties have agreed to pay Plaintiffs ($6,100,000.00) in total. The lone

6  remaining defendant, Mr. Jackson, is currently imprisoned serving his sentence for

7  his beating of Mr. Soriano. He has failed to respond to this lawsuit and is now in

8  default. Mr. Jackson is the defendant who has clear liability in this matter as he

9  viciously beat Mr. Soriano.

10      In sum, the party asserting that a settlement was made in bad faith (here, that

11  could only be Mr. Jackson) has the burden to prove that the proposed settlement is

12  so far outside the bounds of reason as to be inequitable or unfair.  The burden is not

13  to show that the party may have more exposure than the settlement contemplates but

14  to show that the settlement is grossly disproportionate to what a reasonable person,

15  at the time of settlement, would estimate the settling party's liability to be.  Here,

16  given the facts of the case and the strong defenses asserted by the COUNTY and

17  CITY it simply cannot be said that the instant settlements by both COUNTY and

18  CITY are outside the bounds of reason.

19  //

20  //

21

22

23

24

25

26

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

**III.   CONCLUSION**

COUNTY and CITY  have shown that the instant settlement is consistent with the factors the California Supreme Court has set for finding settlements to be in "good faith" under CCP §877.6.  COUNTY and CITY respectfully request that this Court grant the instant Motion and enter an Order finding the settlement with Plaintiffs to be in good faith and that any claims by JACKSON for equitable indemnity or contribution are barred as a matter of law.

I confirm pursuant to the Local Rules of the Central District of California that all counsel have reviewed and approved this document and have consented to the affixing of their electronic signatures to this Stipulation.

DATED: March 22, 2017                    ERIC T. ANGEL
                                         LEWIS BRISBOIS BISGAARD & SMITH LLP



                                         By:  _____/s/_____
                                              Eric T. Angel
                                              Attorney for Defendant COUNTY OF
                                              RIVERSIDE

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4816-5051-6037.1

NOTION OF MOTION AND MOTION FOR GOOD FAITH SETTLEMENT

1   DATED: March 21, 2017       ARTHUR K. CUNNINGHAM

2                                LEWIS BRISBOIS BISGAARD & SMITH LLP

3

4                                By:      /s/

5                                Arthur K. Cunningham

6                                Attorneys for Defendants COUNTY OF RIVERSIDE, STANLEY SNIFF,

7                                WILLIAMA DI YORIO, JULIO IBARRA, JERRY GUTIERREZ, VIRGINIA

8                                BUSBY, NORMAN NANTES, JASON

9                                CHIVAS and JEFF PINON

10  DATED: March 21, 2017       COLLINS COLLINS MUIR + STEWART LLP

11

12

13                              By:      /s/

14                                Audra C. Call

15                                Attorneys for Defendants CITY OF MURIETTA, OFFICER JEREMY

16                                MEADOWS, OFFICER H. ADAMS, OFFICER ELLIOT, OFFICER

17                                TOMPKINS, OFFICER MATHEW MOZINGO, OFFICER IRVING

18

19

20

21

22

23

24

25

26

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

## FEDERAL COURT PROOF OF SERVICE

SORIANO vs COUNTY OF RIVERSIDE - Case No. 16-CV-00155-BRO (SPx)

STATE OF CALIFORNIA, COUNTY OF SAN BERNARDINO

At the time of service, I was over 18 years of age and not a party to the action. My business address is 650 East Hospitality Lane, Suite 600, San Bernardino, CA 92408. I am employed in the office of a member of the bar of this Court at whose direction the service was made.

On March 21, 2017, I served the following document(s): NOTION OF JOINT MOTION AND JOINT MOTION FOR GOOD FAITH SETTLEMENT AND REQUEST FOR ORDER THAT ANY CLAIMS BY TYLER JACKSON FOR EQUITABLE INDEMNITY OR CONTRIBUTION ARE BARRED AS A MATTER OF LAW

I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

4816-5051-6037.1

NOTION OF MOTION AND MOTION FOR GOOD FAITH SETTLEMENT

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1
2
3
4
5
6

Robert Trujillo, Esquire
Melody Trujillo, Esquire
TRUJILLO & TRUJILLO
41593 Winchester Road, Suite 201
Temecula, California  92590
951-296-9529
trulaw@trujillo-law.us
**Attorneys for Plaintiffs**
**EDDY SORIANO, by and through his**
**Convervator, Sherly Tolentino; and**
**MARITES de GUZMAN**

7
8
9
10
11

Suzanne Skolnick, Esquire
2888 Loker Avenue East, Suite 110-F
Carlsbad, California  92010
760-405-4397
Suzanne@skolnicklawgroup.com
**Attorneys for Plaintiffs**
**EDDY SORIANO, by and through his**
**Convervator, Sherly Tolentino; and**
**MARITES de GUZMAN**

12
13
14
15
16

Lewis Khashan, Esquire
38975 Sky Canyon Drive, Suite 201
Murrieta, California  92563
951-775-7279
951-658-8981
lewis@khashanlaw.com
**Attorneys for Plaintiffs**
**EDDY SORIANO, by and through his**
**Convervator, Sherly Tolentino; and**
**MARITES de GUZMAN**

17
18
19
20
21
22
23
24

Christine B. Swiss, Esquire
Vanessa A. Evangelista, Esquire
COLLINS COLLINS MUIR +
STEWART LLP
2011 Palomar Airport Road, Suite 207
Carlsbad, California  92011
760-274-2110
760-274-2111 (facsimile)
**Attorneys for Defendants**
**CITY OF MURRIETA, OFFICER**
**JEREMY MEADOWS, OFFICER H.**
**ADAMS, OFFICER ELLIOTT,**
**OFFER TOMPKINS, OFFICER**
**MATTHEW MOZINGO and**
**OFFICER IRVING**

25
26
27
28

Christopher D. Lockwood, Esquire
ARIAS & LOCKWOOD
1881 South Business Center Drive,
 Suite 9A
San Bernardino, California  92408
909-890-0125
909-890-0185 (facsimile)
**Co-Attorneys for Defendants**
**COUNTY OF RIVERSIDE**
**STANLEY SNIFF, WILLIAM DI**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

The documents were served by the following means:

☒   (BY U.S. MAIL)  I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses listed above and I deposited the sealed envelope or package with the U.S. Postal Service, with the postage fully prepaid.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on March 22, 2017, at San Bernardino, California.

_____
SHARON DENISE MOORE-DUNCAN

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4816-5051-6037.1

NOTION OF MOTION AND MOTION FOR GOOD FAITH SETTLEMENT